UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:02-cr-00032 |
| RODNEY LOVE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Having received a Presidential commutation of his life sentence to 322 months, Rodney Love now seeks a further reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), based upon the "overly harsh laws that Congress has now amended." (Doc. No. 147 at 1). He argues that the "extraordinary and compelling reason" standard is satisfied because Congress has changed the penalties for a § 924(c) such that he would receive 15 years not 55 years were he sentenced today and likewise the penalty for his § 841 penalty would be substantially reduced today. To Love's credit, when the briefing in this case concluded, his contentions had some legal support. (Doc. Nos. 129, 147, 152, 153). Since then, however, the Sixth Circuit has issued an en banc published opinion that non-retroactive changes in the law do not create an "extraordinary and compelling" reason for a sentence reduction. United States vs McCall, ___F.4th ___ (December 22, 2022). Love's motions must therefore be denied.

Even if Love had presented extraordinary and compelling circumstances, it is unlikely the Court would grant his motion because the 18 U.S.C. § 3553(a) sentencing factors do not support his release. His offenses of conviction are serious. At trial, he was found guilty of two counts of possessing with the intent to distribute Dilaudid within 1,000 feet of a school; three counts of

possessing a firearm in furtherance of a drug trafficking crime; three counts of being a felon in possession of a firearm; and one count of possessing with the intent to distribute Dilaudid. (Doc. No. 72). He committed the instant offenses only eight months after completing his parole for previous drug trafficking offenses. Love's conduct reflects the need for punishment, general and specific deterrence, as well as respect for the law. The crimes create a danger to the public and to Love.

For the foregoing reasons, Love's motions for compassionate release (Doc. Nos. 129, 147) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE